1838.

O'CONNOR
v.
DEBRAINE.

Sept. 12.

Mr. *Clarkson*, for the defendants.

O'CONNOR *v.* DEBRAINE.

On an application to vacate a writ of *ne exeat* where a defendant has taken the benefit of an insolvent act, the court will consider the discharge under such act as regular; and not look into suggested fraud and informality in the obtaining it.

July 30,
1838.

Practice.
Ne exeat.
Motion.

MOTION to discharge a writ of *ne exeat*. The defendant had taken the benefit of the insolvent (two-thirds) act prior to the filing of the bill. In opposition to the motion, affidavits were read, tending to show that the defendant had made a fraudulent assignment to one Combault, prior to and in expectation of taking the benefit of the act; also, suggesting informality in the discharge; and that the defendant had sailed for France pending the process.

Mr. *John Cook*, in support of the motion.

Mr. *James T. Brady*, for the complainant.

THE VICE-CHANCELLOR :—The insolvent-discharge is not to be presumed fraudulent. It was, *prima facie*, regularly and fairly obtained; and the effect of it is to exonerate the defen-

dant from all arrest and imprisonment upon previously con-
tracted debts.

If Combault is fraudulently concealing or covering the pro-
perty of the defendant, the complainant can amend his bill,
making Combault a party, and proceed to a decree against him
or the property in his hands, even though the defendant, De-
braine, the original debtor, is out of the jurisdiction.

The defendant is entitled to an order, discharging the *ne
exeat*. But, as the complainant was ignorant of the insolvent-
discharge, the costs may abide the event.